THOMAS J. KARR (D.C. Bar No. 426340)
Email:  KarrT@sec.gov
KAREN J. SHIMP (D.C. Bar No. 456265)
Email: ShimpK@sec.gov

Attorneys for *Amicus Curiae*
SECURITIES AND EXCHANGE COMMISSION
Office of the General Counsel
Securities and Exchange Commission
100 F Street NE
Washington, DC 20549-9612
Telephone:  (202) 551-5163 (Karr)
Facsimile:  (202) 772-9263

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| SANFORD S. WADLER,<br><br>    Plaintiff,<br><br>  vs.<br><br>BIO-RAD LABORATORIES, INC., a Delaware Corporation; NORMAN SCHWARTZ; LOUIS DRAPEAU; ALICE N. SCHWARTZ; ALBERT J. HILLMAN; DEBORAH J. NEFF,<br><br>    Defendants. | No. 3:15-cv-2356 JCS<br><br>**NOTICE OF MOTION AND MOTION BY THE SECURITIES AND EXCHANGE COMMISSION TO FILE *AMICUS CURIAE* BRIEF IN SUPPORT OF PLAINTIFF**<br><br>Hearing Date: September 4, 2015<br>Time:  9:30 A.M.<br>Place: Courtroom G, 15th Floor<br>Judge: The Honorable Joseph C. Spero |

# MOTION TO FILE AMICUS BRIEF IN SUPPORT OF PLAINTIFF

The Securities and Exchange Commission (SEC or Commission), a non-party to this action, will move the Court, located at the Phillip Burton Federal Building, 450 Golden Gate Avenue, Fifteenth Floor, Courtroom G, San Francisco, California, 94102, on Friday, September 4, 2015, at 9:30 a.m., for an order permitting it to file an amicus curiae brief in support of plaintiff Sanford S. Wadler.[1] The brief, a copy of which is attached at Exhibit A, addresses an important question concerning the proper interpretation of Section 21F(h)(1) of the Securities Exchange Act of 1934, 15 U.S.C. § 78u-6. The SEC has consulted with counsel for each party, and neither party opposes the SEC's motion.[2]

In their pending motion to dismiss, defendants contend that Wadler's Section 21F(h)(1) whistleblower employment retaliation claim fails as a matter of law because, in its view, the provision protects *only* individuals who have reported a potential securities law violation directly to the Commission before the alleged retaliation. As explained below, the Commission, through notice-and-comment rulemaking and an interpretive release, has adopted a broader reading of the scope of Section 21F(h)(1)'s protections.

## I.  BACKGROUND

Section 21F, which was added by the Dodd-Frank Wall Street Reform and Consumer Protection Act, Pub. L. No. 111-203, 124 Stat. 1376 (2010), provides a

---

[1] The federal government may file an *amicus* brief without consent of the parties or leave of the court on appeal (FED. R. APP. P. 29(a)). There is no corresponding provision for filing as *amicus* in a district court, but district courts in this Circuit have previously permitted *amicus* participation by non-parties where appropriate. *See, e.g.*, *In re Network Assocs., Inc., Sec. Litig.*, 76 F. Supp. 2d. 1017, 1026, 1032 (N.D. Cal. 1999) (appending SEC's *amicus* brief submitted upon Court's invitation).

[2] Neither the Federal Rules of Civil Procedure nor this Court's Local Rules establish a time period for filing an *amicus* brief. If the Commission were seeking permission to intervene—since one of the defendants' defenses is based on a statute administered by the SEC and regulations issued under that statute—then its motion would simply have to be "timely." FED. R. CIV. P. 24(b)(2).

number of measures to encourage individuals to step forward to disclose potential securities law violations. In particular, Section 21F authorizes the Commission to pay monetary awards to individuals who voluntarily provide information that leads to a successful enforcement action, and prohibits employers from retaliating against individuals in the terms and conditions of their employment when the individuals engage in certain specified whistleblowing activities (collectively referred to as the "whistleblower program").

When the Commission issued its rules under Section 21F to implement the whistleblower program, it included a rule clarifying that the employment retaliation protections apply whenever an employee engages in any of the whistleblowing activities specified in Section 21F(h)(1)—including making a report of a potential securities law violation to a supervisor or compliance official at a public company—*irrespective of whether the employee separately reports the information directly to the Commission*. *See* 17 C.F.R. § 240.21F-2(b)(1). The Commission issued the clarifying rule to address a statutory ambiguity that exists as a result of considerable tension within the text of Section 21F.

Since the Commission issued its rule, a majority of the federal courts that have considered the interpretive issue have agreed with the Commission that the statutory language is ambiguous, and have deferred to the Commission's interpretation.[3]

---

[3] *See Somers v. Digital Realty Trust, Inc.,* Case No. C-14-5180, 2015 WL 2354807, at *3-13 (N.D. Cal. May 15, 2015*). See also Nollner v. S. Baptist Convention, Inc.*, 852 F. Supp. 2d 986, 993-95 (M.D. Tenn. 2012); *Bussing v. COR Clearing, LLC*, 20 F. Supp. 3d 719, 728-35 (D. Neb. 2014); *Rosenblum v. Thomson Reuters (Mkts.) LLC*, 984 F. Supp. 2d 141, 146-48 (S.D.N.Y. Oct. 25, 2013); *Ellington v. Giacoumakis*, 977 F. Supp. 2d 42, 44-46 (D. Mass. 2013); *Genberg v. Porter*, 935 F. Supp. 2d 1094, 1106-07 (D. Colo. 2013), *appeal dismissed in relevant part*, 566 Fed. App'x 719 (10th Cir. 2014); *Yang v. Navigators Grp., Inc.*, 18 F. Supp. 3d 519, 531-34 (S.D.N.Y. 2014); *Kramer v. Trans-Lux Corp.,* 2012 WL 4444820, at *3-5 (D. Conn. Sept. 25, 2012); *Connolly v. Remkes*, 2014 WL 5473144, at *4-6 (N.D. Cal. Oct. 28, 2014); *Khazin v. TD Ameritrade Holding Corp.*, 2014 WL 940703, at *3-6 (D.N.J. Mar. 11, 2014), *aff'd on other grounds*, 773 F.3d 488 (3rd Cir. 2014); *Murray v. UBS*

## II. ARGUMENT

The Commission has a strong programmatic interest in demonstrating that its reasonable interpretation of Section 21F(h)'s ambiguous statutory language was a valid exercise of its broad rulemaking authority.[4] This interest arises for two related reasons. *First*, the rule helps protect individuals who choose to report potential violations internally in the first instance (*i.e.*, before reporting to the Commission), and thus is an important component of the overall design of the Commission's whistleblower program. *Second*, if the rule were invalidated, the Commission's authority to pursue enforcement actions against employers that retaliate against individuals who report internally would be substantially weakened.

The Commission respectfully submits that, as the primary federal securities regulator and the agency charged with administering the Congressionally-mandated whistleblower program, its explanation of the regulatory background and its analysis of the statutory text will aid the Court in ruling on defendants' Motion to Dismiss. Among other things, the brief thoroughly explains: (i) the importance of internal reporting as a means for deterring, detecting, and stopping unlawful conduct that may harm investors; (ii) the context and purposes for which Section 21F was enacted; and (iii) the Commission's reasonable exercise of its authority to issue rules and regulations implementing Section 21F(h) to resolve a statutory ambiguity inherent in that section.

---

*Sec., LLC*, 2013 WL 2190084, at *2-7 (S.D.N.Y. May 21, 2013); *Egan v. TradingScreen, Inc.*, 2011 WL 1672066, at *3-5 (S.D.N.Y. May 4, 2011); *Peters v. Lifelock Inc.*, CV-14-00576-PHX-ROS (D. Ariz. Sept. 19, 2014), Dkt. # 47, Order, at 6-13 (attached hereto as Ex. D). *But see, e.g., Banko v. Apple Inc.*, 20 F. Supp. 3d 749, 756 (N.D. Cal. 2013) (holding that "the statute is not ambiguous").

[4] The Commission does not take a position on any other issues that may be presented in defendants' motion to dismiss or in this action. The motion to file as *amicus* is limited to the issue of whether an employee is required to make a report to the Commission before the alleged retaliation in order to pursue a claim under Section 21F(h)(1) and the regulations thereunder.

### III. REQUEST TO WAIVE FEDERAL AND LOCAL RULES OF CIVIL PROCEDURE REGARDING FORMAT AND LENGTH OF FILINGS

The *amicus* brief the Commission proposes to file was initially filed with the Second Circuit in *Berman v. Neo@Ogilvy LLC*, Case No. 14-4626, and conforms to that court's length, spacing, typeface, and other rules.[5] The SEC intends to make the identical legal arguments here as were made in the attached brief. Therefore, to the extent the brief does not conform to this Court's requirements, the SEC respectfully requests that the Court exercise its authority to waive these requirements and permit the brief to be filed in the identical format as attached to this motion. The SEC also asks that, if the Court does not grant this request, it be granted leave to revise the brief to conform to this Court's rules.

The Commission also respectfully requests that the Court permit it to file two letters that it submitted to the Second Circuit under FED. R. APP. P. 28(j) to advise that Court of supplemental authority. In the first letter (dated June 26, 2015, and attached hereto as Exhibit B), the SEC submitted to the Second Circuit as supplementary authority the Supreme Court's recent decision in *King v. Burwell*, No. 14-114, 2015 WL 2473448 (S. Ct. June 25, 2015) (holding that challenged statutory language in the Affordable Care Act could not be viewed in isolation but must be read in light of the context and structure of the whole Act). In the second letter (dated August 5, 2015, and attached hereto as Exhibit C), the SEC advised the Court of the release that the SEC issued on August 4, 2015, entitled *Interpretation of the SEC's Whistleblower Rules Under Section 21F of the Securities Exchange Act of 1934*, Exchange Act Release No. 34-75592, 2015 WL 4624264, at *1 (S.E.C. Aug. 4, 2015) (forthcoming in Federal Register) (issuing an interpretive rule "to clarify that, for purposes of the employment retaliation protections provided by Section 21F of the Securities Exchange Act of 1934 ('Exchange Act'), an individual's status as a

---

[5] The Commission was given permission to file a brief that exceeded the standard length of an appellate *amicus* brief. As filed, the brief has 8,660 words, excluding the parts exempted by Fed. R. App. P. 32(a)(7)(B)(iii).

whistleblower does not depend on adherence to the reporting procedures specified in Exchange Act Rule 21F-9(a), but is determined solely by the terms of Exchange Act Rule 21F-2(b)(1)").

## IV.   CONCLUSION

For the foregoing reasons, the SEC respectfully requests that this Court: (1) permit the Commission to file an *amicus curiae* brief in support of the plaintiff; (2) waive the rules regarding format and length of filings; and (3) accept the attached brief (Ex. A) for filing, along with the attached Rule 28(j) letters (Exhibits B and C) to the Second Circuit concerning *King v. Burwell* and the Commission's interpretive release.

August 7, 2015                                                  Respectfully submitted,


                                                       /s/ Thomas J. Karr
THOMAS J. KARR* (D.C. Bar No. 426340)
Assistant General Counsel
Attorney for Amicus Curiae
SECURITIES AND EXCHANGE COMMISSION

Of counsel:

KAREN J. SHIMP*
Special Trial Counsel
DC Bar # 456265

Office of the General Counsel
Securities and Exchange Commission
100 F Street NE
Washington, DC  20549-9612
Tel: (202) 551-5007 (Shimp)

* Mr. Karr and Ms. Shimp appear under Civil L.R. 11-2.