1  LINDA M. INSCOE (CA Bar No. 125194)
   linda.inscoe@lw.com
2  ROBERT E. SIMS (CA Bar No. 116680)
   bob.sims@lw.com
3  MARCY C. PRIEDEMAN (CA Bar No. 258505)
   marcy.priedeman@lw.com
4  JAMES J. CHANG (CA Bar No. 287008)
   james.chang@lw.com
5  LATHAM & WATKINS LLP
   505 Montgomery Street, Suite 2000
6  San Francisco, California 94111-6538
   Tel: (415) 391-0600; Fax: (415) 395-8095
7
   SCOTT C. JONES (admitted pro hac vice)
8  scott.jones@lw.com
   LATHAM & WATKINS LLP
9  555 Eleventh Street, NW, Suite 1000
   Washington, D.C. 20004
10 Tel: (202) 637-2200; Fax: (202) 637-2201

11 *Attorneys for Defendants Bio-Rad Laboratories
   Inc., Norman Schwartz, Louis Drapeau, Alice
12 Schwartz, Albert Hillman, and Deborah Neff.*

**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION**

| | |
|---|---|
| SANFORD S. WADLER, an individual,<br><br>Plaintiff,<br><br>v.<br><br>BIO-RAD LABORATORIES, INC., a Delaware Corporation; NORMAN SCHWARTZ; LOUIS DRAPEAU; ALICE N. SCHWARTZ; ALBERT J. HILLMAN; DEBORAH J. NEFF,<br><br>Defendants. | Case No. 3:15-cv-02356-JCS<br><br>**DEFENDANTS' NOTICE OF MOTION AND MOTION FOR CERTIFICATION OF INTERLOCUTORY APPEAL PURSUANT TO 28 U.S.C. § 1292(B); MEMORANDUM OF POINTS AND AUTHORITIES, AND REQUEST FOR A STAY OF PROCEEDINGS PENDING APPEAL**<br><br>**Hearing:** January 8, 2016<br>**Time:** 9:30 a.m.<br>**Location:** Courtroom G – 15th Floor |

LATHAM & WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DEF.'S MOT. FOR CERT. OF INTERLOC. APPEAL & REQ.
FOR STAY
No. 3:15-cv-2356

# **TABLE OF CONTENTS**

**Page**

I. Introduction ........................................................................................................................ 1

II. Legal Standard ................................................................................................................... 2

III. The Three Questions For Which Certification Is Sought Each Present A
Controlling Question Of Law ............................................................................................. 2

IV. There Are Substantial Grounds For Difference Of Opinion About Each Of
The Issues Presented ........................................................................................................... 3

    A. Substantial Grounds for Difference of Opinion Exist Because
Reasonable Jurists Disagree About Whether Internal
Whistleblowers Are Protected From Retaliation Under Dodd-Frank .................... 4

    B. Substantial Grounds for Difference of Opinion Exist Because
There Is a Lack of Precedent on Whether Directors Can Be
Individually Liable For Retaliation Under Sarbanes-Oxley and
Dodd-Frank ............................................................................................................. 6

    C. An Immediate Appeal May Materially Advance the Ultimate
Termination Of The Litigation ................................................................................ 8

V. If The Court Certifies The Order, A Stay Of Proceedings Is Appropriate ........................ 9

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

i     DEF.'S MOT. FOR CERT. OF INTERLOC. APPEAL & REQ.
FOR STAY
No. 3:15-cv-2356

# TABLE OF AUTHORITIES

**Page(s)**

### CASES

*Asadi v. G.E. Energy (USA), L.L.C.*,
   720 F.3d 620 (5th Cir. 2013) ..................................................................................................4

*AsIs Internet Servs. v. Active Response Grp.*,
   No. C07 6211 TEH, 2008 U.S. Dist. LEXIS 117075 (N.D. Cal. July 30, 2008) ..........3, 5, 6, 9

*Azim v. Tortoise Capital Advisors, LLC*,
   No. 13-2267-KHV, 2014 WL 707235 (D. Kan. Feb. 24, 2014) at *1, 3 ..................................7

*Banko v. Apple*,
   20 F. Supp. 3d 749, 757 (N.D. Cal. Sept. 27, 2013) ................................................................5

*Berman v. Neo@Ogilvy LLC*,
   72 F. Supp. 3d 404, 408 (S.D.N.Y. 2014) ...............................................................................4

*Bryan v. United Parcel Serv., Inc.*,
   307 F. Supp. 2d 1108 (N.D. Cal. 2004) ...................................................................................4

*In re Cal. Title Ins. Antitrust Litig.*,
   No. 08-01341 JSW, 2010 U.S. Dist. LEXIS 28923 (N.D. Cal. Mar. 3, 2010) .....................4, 8

*In re Cement Antitrust Litig.*,
   673 F.2d 1020 (9th Cir. 1981) .................................................................................................2

*CMAX, Inc. v. Hall*,
   300 F.2d 265 (9th Cir. 1962) ...................................................................................................9

*Connolly v. Remkes*,
   No.: 5:14-CV-01344-LHK, 2014 U.S. Dist. LEXIS 153439 (N. D. Cal. Oct.
   28, 2014) ..................................................................................................................................4

*Davies v. Broadcom*,
   Case No. 8:15-cv-00928, 2015 WL 5545513 (C.D. Cal. Sept. 8, 2015) ..................................5

*Eaton v. Siemens*,
   No. 2:07-cv-315 FCD KJM, 2007 U.S. Dist. LEXIS 58583 (E.D. Cal. Aug.
   10, 2007) ...............................................................................................................................4, 7

*Egan v. TradingScreen, Inc.*,
   No. 10 Civ. 8202 (LBS), 2011 WL 1672066 (S.D.N.Y. May 4, 2011) ...................................4

*Ellington v. Giacoumakis*,
   977 F. Supp. 2d 42 (D. Mass. 2013) ........................................................................................4

LATHAM&WATKINS<sup>LLP</sup>
ATTORNEYS AT LAW
SAN FRANCISCO

ii        DEF.'S MOT. FOR CERT. OF INTERLOC. APPEAL & REQ.
          FOR STAY
          No. 3:15-cv-2356

*Genberg v. Porter*,
 935 F. Supp. 2d 1094 (D. Colo. 2013)......................................................................................4

*John v. United States*,
 247 F.3d 1032 (9th Cir. 2001) (Rymer, J., dissenting on other grounds) ................................8

*Jones v. SouthPeak Interactive Corp.*,
 777 F.3d 658 (4th Cir. 2015) ...................................................................................................7

*Khazin v. TD Ameritrade Holding Corp.*,
 No. 13-4149 (SDW)(MCA), 2014 WL 940703 (D.N.J. Mar. 11, 2014) .................................4

*Lutzeier v. Citigroup Inc.*,
 305 F.R.D. 107 (E.D. Mo. Mar. 2, 2015).................................................................................4

*Mediterranean Enters., Inc. v. Ssangyong Corp.*,
 708 F.2d 1458 (9th Cir.1983) ................................................................................................10

*Murray v. UBS Sec., LLC*,
 No. 12 Civ. 5914 (JMF), 2013 WL 2190084 (S.D.N.Y. May 21, 2013)..................................4

*Nat'l Credit Union Admin. Bd. v. Goldman Sachs & Co.*,
 No. CV 11-6521-GW, 2013 U.S. Dist. LEXIS 181149 (C.D. Cal. July 11,
 2013) ...............................................................................................................................2, 3, 9

*Nollner v. Southern Baptist Convention, Inc.*,
 852 F. Supp. 2d 986 (M.D. Tenn. 2012)..................................................................................4

*Ott v. Mortg. Investors Corp.*,
 No. 3:14-CV-00645-ST, 2015 WL 1648702 (D. Or. Apr. 14, 2015) ......................................8

*Reese v. BP Exploration (Alaska) Inc.*,
 643 F.3d 681 (9th Cir. 2011) ...............................................................................................3, 6

*Somers v. Digital Realty Trust, Inc.*,
 No. C–14–5180 EMC, 2015 WL 4483955 (N.D. Cal. July 22, 2015) ....................................5

*Somers v. Digital Realty Trust Inc.*,
 No. C-14-5180 EMC, 2015 U.S. Dist. LEXIS 64178 (N.D. Cal. May 15,
 2015) ........................................................................................................................................4

*Umatilla Water Quality Protective Ass'n, Inc. v. Smith Frozen Foods, Inc.*,
 962 F. Supp. 1312 (D. Or. 1997) ..................................................................................... passim

*United States v. Adam Bros. Farming*, *Inc.*,
 369 F.Supp.2d 1180 (C.D. Cal. 2004) .................................................................................8, 9

*Verfeurth v. Orion Energy Sys.*,
 65 F. Supp. 3d 640, 643-647 (D. Wis. 2014)...........................................................................4

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

iii                DEF.'S MOT. FOR CERT. OF INTERLOC. APPEAL & REQ.
                                                                FOR STAY
                                                            No. 3:15-cv-2356

*Wagner v. Bank of Am. Corp.*,
  No. 12-cv-00381-RBJ, 2013 U.S. Dist. LEXIS 101297 (D. Colo. Jul. 19,
  2013) ...........................................................................................................................4

*Wells Fargo Bank v. Bourns, Inc.*,
  860 F. Supp. 709 (N.D. Cal. 1994) ..........................................................................4

*Wiggins v. ING U.S.*,
  No. 3:14-CV-1089 (JCH), 2015 U.S. Dist. LEXIS 78129 (D. Conn. June 17,
  2015) ...........................................................................................................................4

*Yang v. Navigators Grp., Inc.*,
  18 F. Supp. 3d 519, 534 (S.D.N.Y. 2014) ...............................................................4

**STATUTES**

15 U.S.C. § 78u-6(a)(6) ...............................................................................................2, 4

15 U.S.C.§ 78u-6(h)(1)(A) ..........................................................................................2, 6

18 U.S.C. § 1514A(a) .......................................................................................................6

28 U.S.C. § 1292(b) ...............................................................................................1, 2, 3, 9

18 USC § 1514A ...............................................................................................................2

Dodd-Frank Act. ..............................................................................................................5

**OTHER AUTHORITIES**

Defs.' Mot. to Dismiss, ECF 24 ...................................................................................1

Pl.'s Supplemental Brief in Opp'n. to Defs.' Mot. to Dismiss, ECF 50 ...............2

Order Granting in Part and Denying in Part Mot. to Dismiss, ECF 53 ..............3

# NOTICE OF MOTION AND MOTION TO CERTIFY ORDER

Please take notice that on January 8, 2016, or as soon thereafter as counsel may be heard in the courtroom of the Honorable Joseph C. Spero, Chief Magistrate Judge for the Northern District of California, located in the United States Courthouse, 450 Golden Gate Avenue, San Francisco, CA 94102, Defendants Bio-Rad Laboratories, Inc., Norman Schwartz, Louis Drapeau, Alice N. Schwartz, Albert J. Hillman, and Deborah J. Neff (collectively "Defendants"), will and hereby do move this Court under 28 U.S.C. § 1292(b) for an order certifying for an immediate appeal its October 23, 2015 order granting in part and denying in part Defendants' motion to dismiss (the "Order"). In addition, Defendants request that if the Court grants this motion, the Court stay this action pending the Ninth Circuit's decision on whether to grant interlocutory review and, should the Ninth Circuit grant interlocutory review, until the conclusion of appellate proceedings. This motion is supported by the arguments and authorities herein and such other arguments and evidence as may be presented at the hearing on the motion.

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

This case arises out of the June 7, 2013 termination of the employment of Sanford Wadler ("Plaintiff"), then General Counsel of Bio-Rad, by vote of the Company's Board of Directors ("Board"). On November 29, 2013, Wadler filed a complaint with the Department of Labor ("DOL") alleging that Bio-Rad retaliated against him for internal whistleblowing, in violation of Sarbanes-Oxley. On May 27, 2015, Wadler filed in this Court a complaint, asserting both state and federal law retaliation claims against Bio-Rad and asserting federal law retaliation claims against the Bio-Rad Directors. *See, generally*, Wadler Cmpl. Defendants moved to dismiss certain claims on July 28, 2015. Defs.' Mot. to Dismiss, ECF 24. This Court issued an order granting in part and denying in part Defendants' Motion to Dismiss on October 23, 2015. Order Granting in Part and Denying in Part Mot. to Dismiss, ECF 53.

Defendants now seek certification of three questions for appeal which formed the substantial part of their Motion to Dismiss:

*First*, whether Plaintiff, without having made a disclosure to the Securities and Exchange Commission ("SEC"), can state a claim for relief under the Dodd-Frank whistleblower anti-retaliation provision. 15 U.S.C. § 78u-6(a)(6).

*Second*, whether Sarbanes-Oxley's whistleblower anti-retaliation provision provides for liability against non-officer directors for actions taken in their capacity as such. 18 USC § 1514A.

*Third*, whether Dodd-Frank's whistleblower anti-retaliation provision provides for individual liability against non-officer directors for actions taken in their capacity as such. 15 U.S.C.§ 78u-6(h)(1)(A).

## II. <u>LEGAL STANDARD</u>

Section 1292(b) permits a district court to certify an order for interlocutory review where the order involves (1) a "controlling question of law," (2) as to which there are "substantial grounds for difference of opinion," and (3) an immediate appeal may "materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b); *see also In re Cement Antitrust Litig.*, 673 F.2d 1020, 1026 (9th Cir. 1981). As demonstrated below, each issue for which Defendants seek certification satisfies these requirements.

## ARGUMENT

## III. <u>THE THREE QUESTIONS FOR WHICH CERTIFICATION IS SOUGHT EACH PRESENT A CONTROLLING QUESTION OF LAW</u>

"[A]ll that must be shown in order for a question to be 'controlling' is that resolution of the issue on appeal could materially affect the outcome of the litigation in district court." *In re Cement Antitrust Litig.*, 673 F.2d 1020, 1026 (9th Cir. 1981). Threshold questions of statutory interpretation – like those for which Defendants seek certification here – present classic controlling questions of law appropriate for interlocutory appeal. *Nat'l Credit Union Admin. Bd. v. Goldman Sachs & Co.*, No. CV 11-6521-GW (JEMx), 2013 U.S. Dist. LEXIS 181149, at *21 (C.D. Cal. July 11, 2013) (holding that "a question of statutory interpretation" that the "Ninth Circuit could deal with expeditiously" was a controlling question of law).

*Nat'l Credit Union Admin. Bd.* provides a useful illustration. In that case, defendants sought certification for interlocutory appeal of a question regarding the applicability of a law potentially extending the statute of limitations on certain of plaintiff's claims. If decided in defendants' favor, the determination on appeal would preclude the plaintiff's federal law claims in the matter (but not other state law claims). *Id.* at *4. The plaintiff acknowledged that the order could result in the dismissal of one third of the case. *Id.* at *22. In addition, one of the defendants in the case would be dismissed. *Id.* at *24. On those facts, the court certified the issue for appeal because "the question for appeal is purely legal and the claims at issue comprise a substantial portion of this case." *Id.* at *21.

Likewise here, Defendants seek certification of purely legal issues the resolution of which would affect a substantial portion of this litigation. Each issue presents a threshold question of statutory interpretation. And if Defendants prevail on their appeal, Plaintiff's Dodd-Frank claims (which provide for double damages) will be dismissed and four of the six defendants will be dismissed from the case (the "Non-Officer Directors" – Louis Drapeau, Alice Schwartz, Albert Hillman, and Deborah Neff). Instead of proceeding against several defendants with multiple federal law claims, this case would move forward against two Defendants, Bio-Rad and its Chief Executive Officer under one federal law (Sarbanes-Oxley) and related state law.

### IV. THERE ARE SUBSTANTIAL GROUNDS FOR DIFFERENCE OF OPINION ABOUT EACH OF THE ISSUES PRESENTED

For purposes of Section 1292(b), "a substantial ground for difference of opinion exists where reasonable jurists might disagree on an issue's resolution." *Reese v. BP Exploration (Alaska) Inc.*, 643 F.3d 681, 688 (9th Cir. 2011). An intra-district split on a question of law evidences such a difference of opinion, and provides the basis for certification. *See, e.g., AsIs Internet Servs. v. Active Response Grp.*, No. C07 6211 TEH, 2008 U.S. Dist. LEXIS 117075, at *9 (N.D. Cal. July 30, 2008) (certifying an issue for appeal where there was "an intra-district split" on the question for which certification was sought); *see also*, *Umatilla Water Quality Protective Ass'n, Inc. v. Smith Frozen Foods, Inc.*, 962 F. Supp. 1312, 1323 (D. Or. 1997)

(certifying a question for appeal where "there is a split of authority on the [] question among the district courts within the Ninth Circuit").

District courts in the Ninth Circuit also find substantial grounds for difference of opinion when there is a dearth of precedent on the issue. *Wells Fargo Bank v. Bourns, Inc.*, 860 F. Supp. 709, 717 (N.D. Cal. 1994) (holding the "available precedent [left] 'substantial grounds for difference of opinion'" when "the issues . . . have not been squarely addressed by the Ninth Circuit"); *Bryan v. United Parcel Serv., Inc.*, 307 F. Supp. 2d 1108, 1115 (N.D. Cal. 2004) (granting certification for appeal on issue of "first impression"). Accordingly, courts certify cases involving "substantial and complicated questions for which there is no clear answer in controlling law," *Eaton v. Siemens*, No. 2:07-cv-315 FCD KJM, 2007 U.S. Dist. LEXIS 58583, at *11 (E.D. Cal. Aug. 10, 2007), or where there is a "lack of precedent bearing on the issue." *In re Cal. Title Ins. Antitrust Litig.*, No. 08-01341 JSW, 2010 U.S. Dist. LEXIS 28923, at *8 (N.D. Cal. Mar. 3, 2010).

### A. Substantial Grounds for Difference of Opinion Exist Because Reasonable Jurists Disagree About Whether Internal Whistleblowers Are Protected From Retaliation Under Dodd-Frank

Defendants have argued that the Dodd-Frank anti-retaliation provision is not available to Wadler because Wadler did not make a whistleblower report to the SEC. "Whistleblowers" are defined in the statute as those who have provided information to the SEC: a "whistleblower" is "any individual who provides . . . information relating to a violation of the securities laws *to the Commission* . . . ." 15 U.S.C. § 78u-6(a)(6) (emphasis added).

Whether an internal whistleblower may obtain protection from retaliation under Dodd-Frank is the subject of significant difference of opinion across the federal judiciary. The split in opinions is well documented in the briefing in this case. The two circuit courts to have addressed the issue are split.[1] And nationwide, there are now dozens of district courts that have ruled on the subject, some extending Dodd-Frank to internal whistleblowers[2] and others not.[3]

---

[1] The Fifth Circuit concluded that a whistleblower cannot seek relief under Dodd-Frank without first having provided information "to the Commission." *Asadi v. G.E. Energy (USA), L.L.C.*, 720 F.3d 620, 625 (5th Cir. 2013) (dismissing a Dodd-Frank claim based solely on internal whistleblowing and holding that "[u]nder Dodd-Frank's plain language and structure, there is only one category of whistleblowers: individuals who provide information relating to a

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

There is also a split among the district courts within the Ninth Circuit. For example, weeks before this Court rendered its decision, a court in the Central District of California ruled against extending Dodd-Frank to internal whistleblowers. *Davies v. Broadcom*, Case No. 8:15-cv-00928, 2015 WL 5545513, at * 5-7 (C.D. Cal. Sept. 8, 2015). And, even within the Northern District of California itself, courts have come to different conclusions on the subject. *See, e.g.*, *Banko v. Apple,* 20 F. Supp. 3d 749, 757 (N.D. Cal. Sept. 27, 2013) (holding that "[b]ecause plaintiff did not file a complaint to the SEC, he is not a 'whistleblower' under Dodd-Frank Act."); *but see, Somers v. Digital Realty Trust, Inc.*, No. C–14–5180 EMC, 2015 WL 4483955 (N.D. Cal. July 22, 2015) (holding that an individual making internal whistleblower reports could state a claim for relief under Dodd-Frank).

Certification of the question presented here will enable the Ninth Circuit to promptly address and resolve this growing split in authority. *See, e.g. AsIs Internet Servs. v. Active Response Grp.*, No. C07 6211 TEH, 2008 U.S. Dist. LEXIS 117075, at *9 (N.D.. Cal. July 30, 2008) (certifying an issue for appeal where there was "an intra-district split"); *see also*, *Umatilla Water Quality Protective Ass'n, Inc. v. Smith Frozen Foods, Inc.*, 962 F. Supp. 1312, 1323 (D. Or. 1997).

---

securities law violation to the SEC."). Meanwhile, the Second Circuit in *Berman v. Neo@Ogilvy LLC*, permitted an internal whistleblower to seek relief for retaliation under Dodd-Frank. 801 F.3d 145 (2d Cir. 2015) (finding the whistleblower anti-retaliation provision ambiguous and granting *Chevron* deference to SEC Rule 21 F 2(b)(1), which extends protection from retaliation to internal whistleblowers).

[2] *See, e.g. Somers v. Digital Realty Trust Inc.*, No. C-14-5180 EMC, 2015 U.S. Dist. LEXIS 64178 at *9-10 (N.D. Cal. May 15, 2015); *Connolly v. Remkes*, No.: 5:14-CV-01344-LHK, 2014 U.S. Dist. LEXIS 153439 at *12-13 (N. D. Cal. Oct. 28, 2014); *Murray v. UBS Sec., LLC*, No. 12 Civ. 5914 (JMF), 2013 WL 2190084 (S.D.N.Y. May 21, 2013); *Yang v. Navigators Grp., Inc.*, 18 F. Supp. 3d 519, 534 (S.D.N.Y. 2014); *Khazin v. TD Ameritrade Holding Corp.*, No. 13-4149 (SDW)(MCA), 2014 WL 940703, at *3-6 (D.N.J. Mar. 11, 2014); *Ellington v. Giacoumakis*, 977 F. Supp. 2d 42, 44 (D. Mass. 2013); *Genberg v. Porter*, 935 F. Supp. 2d 1094, 1106-07 (D. Colo. 2013); *Nollner v. Southern Baptist Convention, Inc.*, 852 F. Supp. 2d 986, 995 (M.D. Tenn. 2012); *see also Egan v. TradingScreen, Inc.*, No. 10 Civ. 8202 (LBS), 2011 WL 1672066, at *4-6 (S.D.N.Y. May 4, 2011).

[3] *See Wiggins v. ING U.S.*, No. 3:14-CV-1089 (JCH), 2015 U.S. Dist. LEXIS 78129 at *26 (D. Conn. June 17, 2015); *Berman v. Neo@Ogilvy LLC*, 72 F. Supp. 3d 404, 408 (S.D.N.Y. 2014); *Verfeurth v. Orion Energy Sys.*, 65 F. Supp. 3d 640, 643-647 (D. Wis. 2014); *Lutzeier v. Citigroup Inc.*, 305 F.R.D. 107, 110 (E.D. Mo. Mar. 2, 2015); *Wagner v. Bank of Am. Corp.*, No. 12-cv-00381-RBJ, 2013 U.S. Dist. LEXIS 101297, at *11-15 (D. Colo. Jul. 19, 2013).

## B. Substantial Grounds for Difference of Opinion Exist Because There Is a Lack of Precedent on Whether Directors Can Be Individually Liable For Retaliation Under Sarbanes-Oxley and Dodd-Frank

Defendants have argued that directors are not subject to suit under Sarbanes-Oxley because the statute omits directors from the list of individuals who may be held liable for retaliation against an employee:

> "*No company ... or any officer, employee, contractor, subcontractor, or agent of such company... may discharge, demote, suspend, threaten, harass, or in any other manner discriminate against an employee in the terms and conditions of employment because of any lawful act done by the employee....*"

18 U.S.C. § 1514A(a).

Similarly, Defendants have argued that directors are not subject to suit under Dodd-Frank, since Dodd-Frank's anti-retaliation provision only applies to "employers."

> "*No employer may discharge, demote, suspend, threaten, harass, directly or indirectly, or in any other manner discriminate against, a whistleblower in the terms and conditions of employment because of any lawful act....*"

15 U.S.C.§ 78u-6(h)(1)(A) (emphasis added).

In ruling that directors could be liable under these two provisions, this Court concluded that that the term "agent," as used in Sarbanes-Oxley, was intended to cover directors. Order Granting in Part and Denying in Part Defs.' Mot. to Dismiss, ECF 53, at 19. In addition, this Court concluded that Congress intended that Dodd-Frank provide for individual liability "that is at least as extensive as that of Sarbanes-Oxley." *Id*. at 24.

Defendants respectfully submit that the plain language of the text of Sarbanes-Oxley and Dodd-Frank provides sufficient authority to enable a reasonable jurist to conclude otherwise – that directors are not subject to suit under either provision. That reasonable jurists may disagree is sufficient for certification. *Reese v. BP Exploration (Alaska) Inc.*, 643 F.3d 681, 688 (9th Cir. 2011) (holding "a substantial ground for difference of opinion exists where reasonable jurists might disagree on an issue's resolution.")

Regardless, there is no controlling case law on the issue of director liability for retaliation under Sarbanes-Oxley or Dodd-Frank and where there is no controlling case law on an issue,

certification is appropriate. *Eaton v. Siemens*, No. 2:07-cv-315 FCD KJM, 2007 U.S. Dist. LEXIS 58583, at *11 (E.D. Cal. Aug. 10, 2007) (stating that "substantial and complicated questions for which there is no clear answer in controlling law"). Indeed, Plaintiff has principally relied on an out-of-Circuit case to support his position for liability under Sarbanes-Oxley. *Jones v. SouthPeak Interactive Corp.*, 777 F.3d 658 (4th Cir. 2015). Defendants respectfully submit that *Jones* does not stand for the proposition that a non-officer director can be held liable under Sarbanes-Oxley.[4] And *Jones* arguably supports Defendants' view that when the board of directors acts as a whole, the proper party to be held liable for retaliation is the company itself. *Id.* at 674 (finding no error in the assessment of compensatory damages against the company, but not for individual defendants). Meanwhile, the one case Plaintiff referenced to support directorial liability under Dodd-Frank explicitly reserved the issue of *individual* liability (let alone liability for directors) as a matter of judicial expediency. *Azim v. Tortoise Capital Advisors, LLC*, No. 13-2267-KHV, 2014 WL 707235 (D. Kan. Feb. 24, 2014) at *1, 3 (stating that the district court "may ultimately accept the defendants' argument [regarding individual liability] on a summary judgment motion.").

Tellingly, this Court asked both parties to provide supplemental briefing on the legislative history of Sarbanes-Oxley and Dodd-Frank because no case directly addressed the issue of directorial liability. And Wadler acknowledged that there was a lack of legislative history on the subject. Pl.'s Supplemental Brief in Opp'n. to Defs.' Mot. to Dismiss, ECF 50, at 5, 7-8 (noting "SOX's legislative history does not directly discuss individual liability at all" and that, for Dodd-Frank, "the specific issue of individual liability was not discussed (much less the issue of director-specific individual liability)").

The absence of definitive case law or legislative history on this critical issue, together with the plain-text reading advanced by Defendants, evidences a sufficient basis for substantial difference of opinion on the matter to merit certification. *See*, *In re Cal. Title Ins. Antitrust*

---

[4] Both of the individual defendants in *Jones* were named executive officers. Defendants request that this Court take judicial notice of Southpeak Interactive Corp, Form 10-K Annual Report for the fiscal year ended June 30, 2009 (P. 31) (identifying Terry Phillips and Melanie Mroz each as an "executive officer" of the company) (Exhibit A to Decl. of Linda Inscoe).

*Litig.*, No. 08-01341 JSW, 2010 U.S. Dist. LEXIS 28923, at *8 (N.D. Cal. Mar. 3, 2010) (holding that the "lack of precedent" on a legal issue presented showed that a substantial ground for a difference of opinion exists).

### C. An Immediate Appeal May Materially Advance the Ultimate Termination Of The Litigation

Resolution of a question on appeal will materially advance termination of litigation when it "facilitate[s] disposition of the action by getting a final decision on a controlling legal issue sooner, rather than later [in order to] save the courts and the litigants unnecessary trouble and expense." *United States v. Adam Bros. Farming*, Inc., 369 F.Supp.2d 1180, 1182 (C.D. Cal. 2004) (quoting *John v. United States*, 247 F.3d 1032, 1051 (9th Cir. 2001) (Rymer, J., dissenting on other grounds)). Defendants appreciate that courts may find otherwise where other claims in a case may proceed. *See, e.g. Ott v. Mortg. Investors Corp.*, No. 3:14-CV-00645-ST, 2015 WL 1648702, at *4 (D. Or. Apr. 14, 2015) (electing not to certify questions for appeal when claims against the corporate defendant could otherwise proceed). Nevertheless, Defendants respectfully submit that appeal could materially advance this litigation because appeal of the same issues is likely at the end of the district court proceedings and resolution of those issues at an earlier stage could limit the complexity of the matter going forward. *Umatilla Water Quality Protective Ass'n, Inc. v. Smith Frozen Foods, Inc.*, 962 F. Supp. 1312, 1323 (D. Or. 1997) (holding that "[i]mmediate appeal of this order may materially advance the termination of this litigation because the parties are likely to appeal this case in any event and guidance from the Ninth Circuit now will greatly help focus and limit the plethora of legal issues and factual arguments that the parties will otherwise have to advance.").

Under these guidelines, certification of the questions Defendants raise may materially advance the ultimate termination of the litigation. As in *Nat'l Credit Union Admin. Bd.*, the questions for which Defendants seek certification "would determine whether a substantial portion of Plaintiff's claims are dismissed here." CV 11-6521-GW (JEMx), 2013 U.S. Dist. LEXIS 181149, at *27 (C.D. Cal. July 11, 2013). And the appeal – in short – could "facilitate disposition of the action" by obtaining a final decision on three critical threshold questions of

liability "sooner rather than later." *United States v. Adam Bros. Farming, Inc.*, 369 F. Supp. 2d at 1182 (C.D. Cal. 2004).

Ultimately, complicated factual and legal issues (including, for example, regarding the individual knowledge of the underlying facts and liability of each of the Non-Officer Directors) may yet be avoided if Defendants prevail on appeal. *Umatilla Water Quality Protective Ass'n, Inc. v. Smith Frozen Foods, Inc.*, 962 F. Supp. 1312, 1323 (D. Or. 1997) ("Immediate appeal of this order may materially advance the termination of this litigation because … guidance from the Ninth Circuit now will greatly help focus and limit the plethora of legal issues and factual arguments that the parties will otherwise have to advance."). Consequently, it is appropriate to certify these questions for appeal because doing so may materially advance the ultimate termination of this litigation.

## V. IF THE COURT CERTIFIES THE ORDER, A STAY OF PROCEEDINGS IS APPROPRIATE

District courts have the inherent power to control their docket. *See CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962). Indeed, a court has "broad discretion to decide whether a stay is appropriate to 'promote economy of time and effort for itself, for counsel, and for litigants.'" *See*, *e.g. AsIs Internet Servs. v. Active Response Grp.*, No. C07 6211 TEH, 2008 U.S. Dist. LEXIS 117075, *10-11 (N.D. Cal. July 30, 2008). In addition, this Court has the express authority to stay the proceedings in this action pending appeal pursuant to 28 U.S.C. § 1292(b) (an appeal under Section 1292(b) "shall not stay the proceedings in the district court unless the district judge or the Court of Appeals or a judge thereof shall order." *Id.* at *7.).

Defendants respectfully submit that the "most efficient course is to stay proceedings pending resolution of interlocutory appeal" because "[i]f the Court of Appeal adopts [Defendants' arguments], or another narrow standard, litigation in this case will end," at least for the Non-Officer Directors. *AsIs Internet Servs. v. Active Response Group*, No. C07 6211 TEH, 2008 U.S. Dist. LEXIS 117075, *11-12 (N.D. Cal. July 30, 2008). In addition, a stay would promote economy of time and effort in this case, in particular for the Non-Officer Director litigants. If this matter is not stayed pending appeal, the Non-Officer Directors may needlessly

sustain substantial harm, continuing as named defendants in the matter and enduring significant costs defending the suit while the appeal proceeds. Indeed, following this Court's ruling on the motion to dismiss, Plaintiff propounded voluminous interrogatories and requests for documents from the Non-Officer Directors. The Non-Officer Directors should not be required to respond to these requests under the specter of threshold issues of liability that may well be resolved differently if this Court's Order is certified for appeal.

That other claims in this case may ultimately proceed does not render a stay of proceedings inappropriate; what matters is that this Court has broad discretion to control its docket as it sees fit, and that a stay of proceedings would promote fairness for the Non-Officer Directors for whom significant threshold questions of liability may be resolved on appeal. *Mediterranean Enters., Inc. v. Ssangyong Corp.*, 708 F.2d 1458, 1465 (9th Cir. 1983) (stating that "[a] trial court may, with propriety, find it … the fairest course for the parties to enter a stay of an action before it…."); *see also*, *Umatilla Water Quality Protective Ass'n*, Inc., 962 F. Supp. 1312, 1323 (D. Or. 1997) (staying the proceedings for the pendency of an interlocutory appeal for a controlling issue of law affecting "the largest part of this case," but not the entirety of the case).

Accordingly, Defendants respectfully request that if the Court grants Defendants' motion to certify, the Court stay these proceedings pending the Ninth Circuit's decision on whether to grant interlocutory review and, should the Ninth Circuit grant interlocutory review, until the conclusion of appellate proceedings.

## CONCLUSION

For the foregoing reasons, Defendants respectfully request the Court certify the Order for interlocutory appeal and stay these proceedings pending the appeal.

Submitted this 23rd day of November, 2015

/s/ Linda M. Inscoe
Linda M. Inscoe
Robert E. Sims
Marcy Priedeman
James J. Chang
Scott C. Jones
LATHAM & WATKINS LLP

*Attorneys for Defendants Bio-Rad Laboratories Inc., Norman Schwartz, Louis Drapeau, Alice Schwartz, Albert Hillman, and Deborah Neff.*