UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SANFORD S. WADLER,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>BIO-RAD LABORATORIES, INC., et al.,<br><br>　　　　Defendants. | Case No. 15-cv-02356-JCS<br><br>**ORDER DENYING MOTION FOR CERTIFICATION OF INTERLOCUTORY APPEAL**<br><br>Re: Dkt. No. 57 |

## I. INTRODUCTION[1]

In its October 23, 2015 Order, the Court granted in part and denied in part Defendants' motion to dismiss, allowing Plaintiff to proceed with his retaliation claims under Dodd-Frank, 15 U.S.C.§ 78u-6(h)(1)(A), against individual non-officer directors and under Sarbanes-Oxley, 18 USC § 1514A, against Bio-Rad and CEO Norman Schwartz. In reaching its conclusions, the Court found that both Sarbanes-Oxley and Dodd-Frank provide for liability as to non-officer directors who engage in retaliatory conduct. Presently before the Court is Defendants' Motion for Certification of Interlocutory Appeal Pursuant to 28 U.S.C. § 1292(B) ("Motion"). Defendants ask the Court to certify the following two issues for appeal[2] and stay the case pending completion of the interlocutory appeal should review be granted:

　　1. Whether Sarbanes-Oxley's whistleblower anti-retaliation provision provides for

---

[1] The parties have consented to the jurisdiction of the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(c).
[2] In the Motion, Defendants also asked that the Court to certify the question of whether one must make a disclosure to the Securities Exchange Commission in order to state a claim for retaliation under the Dodd-Frank Act. In their Reply brief, however, Defendants conceded that certification of this issue is not necessary because the Ninth Circuit has already agreed to consider it in *Somers v. Digital Realty Trust, Inc*., No. C-14-5180 EMC (N.D. Cal. Oct. 26, 2015).

1  liability against non-officer directors for actions taken in their capacity as such.

2        2.  Whether Dodd-Frank's whistleblower anti-retaliation provision provides for individual liability against non-officer directors for actions taken in their capacity as such.

The Court finds that the Motion is suitable for determination without oral argument and therefore vacates the January 8, 2016 hearing pursuant to Civil Local Rule 7-1(b). For the reasons stated below, the Motion is DENIED.[3]

## II. ANALYSIS

Under Section 1292(b), a district court may certify an order for interlocutory review where the order involves (1) a "controlling question of law," (2) as to which there are "substantial grounds for difference of opinion," and (3) an immediate appeal may "materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b). "The precedent in this circuit has recognized the congressional directive that section 1292(b) is to be applied sparingly and only in exceptional cases . . . ." *In re Cement Antitrust Litig*. (MDL No. 296), 673 F.2d 1020, 1027 (9th Cir. 1981) cause dismissed sub nom. *Arizona v. U.S. Dist. Court for the Dist. of Arizona*, 459 U.S. 961 (1982) and aff'd sub nom. *Arizona v. Ash Grove Cement Co*., 459 U.S. 1190 (1983). Thus, "an interlocutory appeal should be certified only when doing so 'would avoid protracted and expensive litigation.'" *Sullivan v. Kelly Servs., Inc*., No. C 08-3893 CW, 2010 WL 1445683, at *1 (N.D. Cal. Apr. 7, 2010) (quoting *In re Cement*, 673 F.2d at 1026; *Mateo v. M/S Kiso*, 805 F.Supp. 792, 800 (N.D.Cal.1992)). "If, in contrast, an interlocutory appeal would delay resolution of the litigation, it should not be certified." *Id*. (citing *Shurance v. Planning Control Int'l, Inc*., 839 F.2d 1347, 1348 (9th Cir.1988)).

The Court finds that an immediate appeal will not materially advance the ultimate termination of this litigation but rather, will delay resolution of this case. Even if Defendants were to prevail on appeal on the issues for which they seek certification, Plaintiff's retaliation claims – including his Sarbanes-Oxley claims against Bio-Rad and its CEO, Norman Schwartz – will need to be litigated and will likely require that the parties engage in very similar discovery.

---

[3] The parties have consented to the jurisdiction of the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(c).

Consequently, an interlocutory appeal will not allow the parties to avoid protracted litigation and will simply create the prospect of two separate appeals. *See Sonoda v. Amerisave Mortgage Corp.*, No. C-11-1803 EMC, 2011 WL 3957436, at *2 (N.D. Cal. Sept. 7, 2011) ("When litigation will be conducted in substantially the same manner regardless of our decision, the appeal cannot be said to materially advance the ultimate termination of the litigation") (citation omitted). Because the third requirement under Section 1292(b) is not met, the Court need not reach the questions of whether the issues for which Defendants seek certification raise "controlling questions of law" involving "substantial grounds for difference of opinion."

### III. CONCLUSION

The Motion is DENIED.

**IT IS SO ORDERED.**

Dated: December 15, 2015

JOSEPH C. SPERO
Chief Magistrate Judge