1  LINDA M. INSCOE (CA Bar No. 125194)
   linda.inscoe@lw.com
2  ROBERT E. SIMS (CA Bar No. 116680)
   bob.sims@lw.com
3  MARCY C. PRIEDEMAN (CA Bar No. 258505)
   marcy.priedeman@lw.com
4  MERYN C. N. GRANT (CA Bar No. 291315)
   meryn.grant@lw.com
5  LATHAM & WATKINS LLP
   505 Montgomery St., Suite 2000
6  San Francisco, California 94111
   Tel: (415) 391-0600; Fax: (415) 395-8095
7
   SCOTT C. JONES (DC Bar No. 986308)
8  (admitted *pro hac vice*)
   scott.jones@lw.com
9  LATHAM & WATKINS LLP
   555 Eleventh St. NW, Suite 1000
10 Washington, DC 20004
   Tel: (202) 637-2200; Fax: (202) 637-2201
11
   *Attorneys for Defendants Bio-Rad Laboratories, Inc.;*
12 *Norman Schwartz; Louis Drapeau; Alice N.*
   *Schwartz; Albert J. Hillman; Deborah J. Neff*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| SANFORD S. WADLER, an individual, | Case No.  3:15-CV-2356 JCS |
| Plaintiff, | **DEFENDANTS' NOTICE OF MOTION AND MOTION TO STRIKE REBUTTAL REPORT OF BRADLEY WENDEL** |
| v. | **Hearing Date:  October 14, 2016** |
| BIO-RAD LABORATORIES, INC., a Delaware Corporation; Norman Schwartz; Louis Drapeau; Alice N. Schwartz; Albert J. Hillman; Deborah J. Neff | **Time: 9:30 a.m.**<br>**Place:**  Courtroom G, 15th Floor<br>**Judge:**  The Honorable Joseph C. Spero |
| Defendants | |

## NOTICE OF MOTION AND MOTION

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE, that on October 14, 2016, or as soon thereafter as the matter may be heard, before the Honorable Joseph C. Spero, Courtroom G, 15th Floor, United States District Court, Northern District of California, 450 Golden Gate Street, San Francisco, California, defendant Bio-Rad Laboratories Inc. ("Bio-Rad"), Norman Schwartz, Louis Drapeau, Alice N. Schwartz, Albert J. Hillman, and Deborah J. Neff will hereby do, move the Court, pursuant to Federal Rules of Civil Procedure 16(b), 26(a)(2)(B), 26(e)(1), and 37(c) to strike the expert report and opinions offered by Mr. Bradley Wendel. This motion is based on the memorandum of points and authorities set forth below, any reply that Defendants may make, such other evidence and argument as may be presented at or prior to the hearing, and all records and files in this action.

## INTRODUCTION

Federal Rule of Civil Procedure 26 requires that a party disclose any expert opinion it wishes to rely on pursuant to a Court order. This Court set specific deadlines in this case to provide fair and full opportunities for the parties to conduct discovery and prepare for trial. Plaintiff now attempts to evade these deadlines by submitting an untimely expert disclosure disguised as a "rebuttal" expert disclosure. Plaintiff submitted "rebuttal" expert disclosures to the opinions of Defendants' two experts from two of his three initially designated experts as well as two entirely new experts. The two entirely new experts both purport to rebut the opinions of Defendants' expert, Dr. E. Emre Carr. In reality, only one does. The other expert, Bradley Wendler expresses opinions in an entirely new area of expertise not addressed by any of Defendants' expert disclosures—namely, Mr. Wadler's ethical obligations as an attorney. Mr. Wendel's opinions are not responsive to Dr. Carr's disclosed testimony or any expert testimony disclosed by Defendants. If Plaintiff wanted to rely on expert opinion regarding the ethics of Mr. Wadler's conduct, he was required to disclose those opinions by July 1, 2016 pursuant to the schedule set by this Court under Rule 26(a)(2). Under these circumstances, Rule 37 provides for an automatic sanction for failure to timely disclose expert testimony—the testimony is excluded.

1

Accordingly, Defendants respectfully request that the improper rebuttal report be stricken and Plaintiff precluded from relying on it at trial.

## FACTUAL BACKGROUND

On September 10, 2015, this Court entered its Case Management and Pretrial Order ("Scheduling Order") setting applicable deadlines for discovery and expert disclosures. The Scheduling Order requires "[a]ll expert disclosures required by the Federal Rules of Civil Procedure [to] be made by July 1, 2016." Dkt. No. 46.

Pursuant to that order, on July 1, 2016, the parties exchanged their initial expert witness disclosures. Defendants disclosed expert opinions from two experts: Dr. E. Emre Carr and Dr. David Lewin. Dr. Carr is an expert in, among other things, financial reporting for public companies, including SEC filing requirements and U.S. GAAP; securities and commodities trading; and financial statement analysis. Accordingly, Dr. Carr expressed opinions regarding whether Mr. Wadler's conduct complied with the standards and laws applicable to a General Counsel responsible for internal controls and certifying a public company's financial statements. Specifically, Dr. Carr expressed his opinion that Mr. Wadler's insistence that an accrual be increased after the Company's earnings release for its 2012 Form 10-K was inconsistent with U.S. GAAP and an effective system of internal controls. Declaration of Linda Inscoe Ex. A (Carr Report) ¶¶ 22-26.[1] Dr. Carr also expressed his opinion that the documents Mr. Wadler relied on did not support his FCPA allegations, but rather indicated the failure of Mr. Wadler to design and implement an appropriate compliance program. Ex. A (Carr Report) ¶¶ 22-26. Dr. Lewin, an expert on human resource management and employment relations, submitted a report on Mr. Wadler's alleged damages and mitigation efforts. *See* Ex. B (Lewin Report).

On July 1, 2016 Plaintiff also disclosed opinions from three purported experts: Mr. Wei Chui, who disclosed opinions on Mr. Wadler's economic stock-related losses; Mr. Gordan A. Kamisar, who disclosed opinions on Mr. Wadler's prospects for future employment; and Dr.

---

[1] All references to Exhibits herein shall refer to the Declaration of Linda Inscoe.

Margo Rich Ogus who disclosed opinions on Mr. Wadler's economic losses as a result of his termination.

Thereafter, Defendants agreed to Plaintiff's request to extend the 30 day deadline set by the Federal Rules of Civil Procedure for any rebuttal expert disclosures from July 31, 2016 to August 17, 2016. Ex. C (Email from M. Priedeman to K. Clune). That extension still permitted the parties sufficient time to complete any expert depositions by the close of expert discovery on September 30, 2016.

On August 17, 2016, Defendants disclosed rebuttal opinions from both Drs. Carr and Lewin—the previously disclosed defense experts. Plaintiff disclosed rebuttal opinions from four experts, including two entirely new experts, both purporting to respond to Dr. Carr. Mr. Donald A. Walker expressed opinions that Mr. Wadler's conduct was consistent with U.S. GAAP and did not cause a delay in filing Bio-Rad's 2012 Form 10-K. Mr. Bradley Wendel submitted an opinion that Mr. Wadler's conduct comported with the code of legal ethics and Sarbanes Oxley reporting requirements applicable to lawyers. *See* Ex. D (Wendel Report).

Prior to submitting this motion, and at their first meeting after receiving Plaintiff's rebuttal expert disclosures, Defendants asked Plaintiff to withdraw Mr. Wendel's report. Inscoe Decl. ¶ 9. Defendants explained the need for quick resolution to avoid incurring costs in preparing for expert discovery related to Mr. Wendel's report. Although Defendants were prepared to file the motion the following day, Plaintiff's counsel asked Defendants to delay filing for over a week, to accommodate a planned vacation, and stated that he would demand further meet and confer if Defendants did not agree to his request with respect to the timing of this motion. Ex. E (Email from L. Inscoe and M. von Loewenfeldt).

**ARGUMENT**

Federal Rule of Civil Procedure 26(a)(2)(D) sets forth the timing and sequence for the disclosures of expert witnesses. Any expert a party intends to have testify is required to produce a written report which "shall contain a complete statement of all opinions to be expressed and the basis and reasons therefor." Fed. R. Civ. P. 26(a)(2)(B). Such a written report must be submitted in accordance with a court's scheduling order. Fed. R. Civ. P. 26(a)(2)(D).

3

Thereafter, rebuttal disclosures may be introduced either within 30 days after the other party's disclosure, or on a schedule set by the Court. Fed. R. Civ. Proc. 26(a)(2)(D).

Rebuttal disclosures are those that relate to evidence that is "intended solely to contradict or rebut evidence on the same subject matter identified by another party" in its expert disclosure. That means, "[t]o constitute proper rebuttal expert disclosure, the expert's opinion must be designed 'to contradict or rebut' directly an opinion set forth in the opponent's initial expert disclosure." *Nat'l R.R. Passenger Corp. v. Young's Commercial Transfer, Inc.*, No. 113CV01506DADEPG, 2016 WL 1573262, at *3 (E.D. Cal. Apr. 19, 2016) (citing several sources). "Rebuttal testimony cannot be used to advance new arguments or new evidence." *Fed. Trade Comm'n v. Amazon.com, Inc.*, No. C14-1038-JCC, 2016 WL 4154284, at *1 (W.D. Wash. Feb. 9, 2016).

Rule 37(c)(1) provides sanctions for failure to comply with Rule 26: a party who fails to disclose information required by "Rule 26(a) . . . 'is not allowed to use that information ... to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless.'" *Hoffman v. Constr. Protective Servs., Inc.*, 541 F.3d 1175, 1179 (9th Cir. 2008) (quoting Fed. R. Civ. Proc. 37(c)(1)). "Rule 37(c)(1) is a self-executing, automatic sanction designed to provide a strong inducement for disclosure." *Goodman v. Staples the Office Superstore, LLC*, 644 F.3d 817, 827 (9th Cir. 2011). Applying Rule 37, a district court has the authority to exclude expert witness testimony for violations of Rule 26 and/or "impose other appropriate sanctions." Fed. R. Civ. P. 37(c)(1); *see also Payne v. Exxon Corp.*, 121 F.3d 503, 507 (9th Cir. 1997).

### A. Mr. Wendel's Testimony Is Not Proper Rebuttal And Was Therefore Untimely Disclosed

Mr. Wendel's testimony does not respond to, much less contradict any of Dr. Carr's opinions. Instead, Mr. Wendel offers affirmative opinions regarding whether or not Mr. Wadler's conduct was ethical. These affirmative opinions were required to be disclosed on July 1, 2016 and since they were not, Mr. Wendel's report must be excluded.

A brief review of Dr. Carr's opinions demonstrates that Mr. Wendel does nothing to contradict them. Dr. Carr's opinions are based on the laws and standards of conduct applicable to public companies engaged in financial reporting—opinions commensurate with his experience in regulation of public companies' financial disclosures. Ex. A (Expert Report of Dr. E. Emre Carr) at ¶¶ 22-26. With respect to Mr. Wadler's involvement in delaying the filing of Bio-Rad's Form 10-K, Dr Carr opined that Mr. Wadler's insistence that an accrual be increased by millions of dollars after the Company made its earnings release "did not adhere to Bio-Rad's schedule for the accounting close process." *Id.* at ¶¶ 22-23. Further, Mr. Wadler's insistence on a certain amount for the accrual was improper under U.S. GAAP, because it is the "accountants' responsibility to determine the appropriate accrual." *Id.* at ¶ 23. Dr. Carr explained the severity of the consequences for a late filing of a Form 10-K and opined that Mr. Wadler contributed to a significant deficiency in internal control over financial reporting. With respect to Mr. Wadler's FCPA allegations, Dr. Carr opined that as general counsel of a public company, Mr. Wadler was responsible for implementing an FCPA compliance program, including ensuring that certain contracts contained appropriate anti-corruption provisions. That certain contracts did not contain anti-corruption provisions did not support Mr. Wadler's conclusion that FCPA violations were occurring in China. In other words, Mr. Wadler did not have support for his allegations that Bio-Rad violated the FCPA.

Mr. Wendel's attempt to frame his opinions as a rebuttal to Dr. Carr is belied by his disclosure. Mr. Wendel is a professor of law at Cornell Law School who, by his own admission, specializes in "legal ethics, professional responsibility, and the law governing lawyers." Ex. D (Wendel Expert Report) at ¶ 2. Mr. Wendel has no experience, much less expertise in financial reporting, or the standards of conduct applicable to executives responsible for internal controls over financial reporting. *Id.* at ¶¶ 1-4. Further, the supporting bases of Mr. Wendel's opinions are wholly different than those underpinning Dr. Carr's opinions. Mr. Wendel relies on the Model Rules of Professional Conduct and Sarbanes-Oxley regulations applicable to lawyers. Ex. D at ¶¶ 9-10. Dr. Carr's opinions are based on GAAP and the securities laws. More to the point, Mr. Wendel does not directly respond to a single one of Dr. Carr's opinions. *See* Ex. A (Carr

Expert Report) at ¶¶ 22-26.  Mr. Wendel says nothing about the timeliness of Mr. Wadler's insistence that an accrual be increased, or the consequences of his belated refusal to sign his representation letter.  He says nothing about whether Mr. Wadler implemented or abided by Bio-Rad's internal controls.  And, Mr. Wendel provides no response to Dr. Carr's opinion that Mr. Wadler was responsible for implementing an adequate FCPA compliance program or whether Mr. Wadler had adequate support for his FCPA allegations.  That Mr. Wendel's opinions generally address Mr. Wadler's conduct does not make them rebuttal to Dr. Carr's opinions.

Tellingly, Plaintiff submitted another expert to actually rebut Dr. Carr's opinions.  That expert has a background in financial reporting and accounting and therefore purports to have the expertise to rebut Dr. Carr's opinions.  Ex. F (Expert Report of Donald A. Walker).  Mr. Walker's opinions directly respond to each of Dr. Carr's opinions, including Dr. Carr's opinion that Mr. Wadler's communication with respect to the 2012 Form 10-K was untimely, Mr. Wadler contributed to a significant deficiency in Bio-Rad's internal controls for financial reporting, and Mr. Wadler made FCPA allegations without adequate support.  *See generally, id.*  The stark contrast between that expert's report and Mr. Wendel's disclosures further undermines any notion that Mr. Wendel's opinions are offered as rebuttal.

Plaintiff cannot be permitted to disguise affirmative opinions on a new topic as rebuttal testimony and deprive Defendants of the opportunity to respond.  Because Mr. Wendel's opinions do not "directly contradict" Dr. Carr's opinions—or any of Defendants' other expert opinions, Mr. Wendel's opinions do not qualify as rebuttal opinions.  Mr. Wendel's opinions, like other affirmative opinions in this case, were required to be disclosed according to the Court's Scheduling Order, on July 1, 2016.  They were not and they are therefore improper and untimely.

### B.   The Untimely Disclosure Of Mr. Wendel's Opinions Is Not Substantially Justified Or Harmless

As described above, Rule 37 "gives teeth" to Rule 26's disclosure requirements by forbidding the use at trial of any information that is not properly disclosed.  *Yeti by Molly Ltd*., 259 F.3d at 1106 (citing Fed. R. Civ. P. 37(c)(1)).  "The only exceptions to Rule 37(c)(1)'s

6

1   exclusion sanction apply if the failure to disclose is substantially justified or harmless."
2   *Goodman*, 644 F.3d at 827.  And the burden is on Plaintiff, as the party facing the sanction, to
3   demonstrate that the failure to comply with Rule 26(a) was substantially justified or harmless.
4   *Id.*; *Torres v. City of Los Angeles*, 548 F.3d 1197, 1213 (9th Cir. 2008); *Yeti by Molly, Ltd.*, 259
5   F.3d at 1107.

6       Plaintiff's attempt to sneak in affirmative evidence under the guise of a rebuttal report is
7   neither substantially justified nor harmless.  It is no secret that Mr. Wadler's FCPA allegations
8   and conduct prior to his termination are issues central to this litigation.  Plaintiff is well aware
9   that Bio-Rad's defense is, and has always been, that Mr. Wadler's FCPA allegations were
10  unfounded and part of a disruptive pattern of conduct that formed the basis for his termination.
11  *See* Dkt. 44 at 3-5 (Initial Case Management Statement outlining Defendants' position).  Further,
12  as spelled out to Plaintiff as early as August 2015, Bio-Rad's defense is based on Mr. Wadler's
13  conduct—including his refusal to share necessary information in a timely way, such as his
14  belated assertion that an accrual was too low.  Dkt. 44 at 5.  If Plaintiff had wanted to offer an
15  opinion about whether Mr. Wadler's conduct comported with the code of ethics or the Sarbanes-
16  Oxley reporting requirements, that report needed to be disclosed with the initial expert
17  disclosures on July 1, 2016.

18      The harm to Defendants in receiving an untimely expert disclosure with less than 6 weeks
19  to the close of expert discovery and less than five months until trial is clear.  Defendants have no
20  opportunity to submit expert testimony rebutting Mr. Wendel's conclusory assertions that Mr.
21  Wadler followed the law.  Further, in addition to preparing for depositions of Plaintiff's properly
22  disclosed experts, Defendants must now prepare to depose an additional expert, on a new topic in
23  half the time.[2]  In the midst of trial preparation, this additional burden is more than enough to
24  warrant exclusion of Mr. Wendel's testimony.  *See Wong v. Regents of the Univ. of Cal.*, 410
25  F.3d 1052, 1062 (9th Cir. 2005) (excluding untimely disclosed witness "even though the ultimate

---

[2] The further delay, requested by Plaintiff's counsel, serves only to exacerbate the difficulties posed by an improper rebuttal report by delaying the Court's consideration and decision on this issue.  Inscoe Decl. C; Ex. E.

7

trial date was still some months away," noting that "[d]isruption to the schedule of the court and the other parties . . . is not harmless").

In the event the Court chooses not to strike Mr. Wendel's report in full, Defendants request that the Court provide them with an opportunity to submit a rebuttal to Mr. Wendel's affirmative opinions. *Svoka v. Woodle*, No. C-02-5524 SI, 2004 WL 5512964 (N.D. Cal. June 7, 2004) (permitting defendant opportunity to submit a rebuttal to untimely disclosed expert report). Specifically, Defendants request 45 days to submit rebuttal disclosures—the same amount of time they would have had if Mr. Wendel's opinions had been timely disclosed—and the opportunity to depose Mr. Wendel within 30 days after such submission. Finally, Defendants request the attorneys' fees and costs expended in pursuing sanctions under Rule 37 for an improper rebuttal report.

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court strike the rebuttal disclosure from Mr. Wendel, and order that Plaintiff not be permitted to use Mr. Wendel's opinion as evidence at a trial or hearing, and any other sanctions the Court deems appropriate.

Dated: September 2, 2016

Respectfully Submitted,

LATHAM & WATKINS LLP

By _____/s/_____
Linda Inscoe
*Attorney for Defendants
Bio-Rad Laboratories, Inc., Norman Schwartz, Louis Drapeau, Alice N. Schwartz, Albert J. Hillman, and Deborah J. Neff*