UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SANFORD S. WADLER,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>BIO-RAD LABORATORIES, INC., et al.,<br><br>　　　　Defendants. | Case No. 15-cv-02356-JCS<br><br>**ORDER GRANTING MOTION FOR LEAVE FOR RECONSIDERATION AND GRANTING ON RECONSIDERATION MOTION FOR JUDGMENT AS A MATTER OF LAW ON MITIGATION DEFENSE**<br><br>Re: Dkt. No. 219 |

On February 3, 2017, the Court granted Plaintiff's motion for judgment as a matter of law on Defendants' mitigation of damages defense. *See* Docket No. 215. At approximately the same time, Defendants filed an opposition brief addressing Plaintiff's motion. As the Court had set no deadline for filing an opposition brief and there was no undue delay in filing that brief, the Court GRANTS the Motion for Leave to File a Motion for Reconsideration [Docket No. 219] and treats Defendants' opposition brief as a motion to reconsider. Having reconsidered the arguments in Defendants' opposition brief, the Court GRANTS Plaintiff's motion for judgment as a matter of law as to Defendants' mitigation defense.

The listings cited by Defendants in their brief as evidence that comparable jobs were available to Mr. Wadler offer no details beyond the titles of the positions; they do not describe the job responsibilities of the positions or include any information about salary or benefits. The mere fact that some of these job titles *sound* similar to Mr. Wadler's is not sufficient to support a reasonable finding by the jury that any of these positions were substantially equivalent to Mr. Wadler's position at Bio-Rad. Nor is there any other evidence in the record from which a reasonable jury could find that comparable employment was available during the relevant period.

Instead, the jury would be required to speculate as to the availability of substantially equivalent employment.

Defendants' reliance on *E.E.O.C. v. Farmer Bros. Co.*, 31 F.3d 891, 894 (9th Cir. 1994) is misplaced.  In that case, the court denied summary judgment as to the defendant's mitigation defense where the defendant had presented "reliable data, based upon a random statistical sample of 148 companies located near [the plaintiff's] residence, showing that substantially equivalent jobs were widely available" during the relevant period.  31 F.3d 891, 906 (9th Cir. 1994).  That case differed from the facts here in two key respects.  First, Defendants here have not offered any "reliable data" establishing the availability of comparable jobs as a statistical matter.  Second, in contrast to the plaintiff in *Farmer Brothers*, who held an "unskilled" position when the defendant terminated her, Mr. Wadler held a high-level position and had acquired decades of seniority at Bio-Rad. Under such circumstances, relying on generic job titles to show the availability of comparable positions is particularly inappropriate.

*Sangster v. United Air Lines, Inc.*, 633 F.2d 864, 868 (9th Cir. 1980) also is not on point. In that case, the court concluded there was sufficient evidence to show that the plaintiff had failed to mitigate her damages where she had been terminated from her position as a flight attendant supervisor and she admitted that she was aware that a comparable position "had been available . . . for at least the last few years of her unemployment." *Id*. at 868. She also admitted that "other . . . employees on similar circumstances had obtained" such positions.  *Id*.  There are no such admissions here.

Therefore, on reconsideration, the Court GRANTS Plaintiff's motion for judgment as a matter of law on Defendants' mitigation defense.

**IT IS SO ORDERED.**

Dated: February 6, 2017

JOSEPH C. SPERO
Chief Magistrate Judge